UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **STEVE MOORE** ) | Case Number |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL COMPLAINT** |
| vs. ) | |
| ) | |
| **PENNCRO ASSOCIATES** ) | **JURY TRIAL DEMANDED** |
| **Defendant.** ) | |
| ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, Steve Moore, by and through his undersigned counsel, Warren, Vullings & Vassallo, LLP, complaining of Defendant, and respectfully avers as follows:

**I.      INTRODUCTORY STATEMENT**

1.     Plaintiff, Steve Moore (hereinafter "Plaintiff"), is an individual consumer and brings this action for actual and statutory damages and other relief against Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**II.     JURISDICTION**

2.     Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant transacts business in the Commonwealth of Pennsylvania.

### III. PARTIES

4. Plaintiff, Steve Moore, is an adult individual and citizen of the State of Texas, residing at 6915 North Oak Bend Drive, Alvin, TX 77511.

5. Defendant, Penncro Associates ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania with its principal place of business located at 95 James Way, Southampton, Pennsylvania 18966.

6. Defendant is engaged in the collection of debts from consumers using the mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. Plaintiff worked out with defendant a written settlement agreement on a consumer debt. The agreement was an initial payment of $3500 and thereafter payments of $627.00, which were to be automatically debited from his account. The total amount of the debt was approximately $20,000, and the settlement reached was in the amount of $10,397.00.

8. For the next ten (10) months after the settlement was reached, the $627.00 payment was automatically debited from plaintiff's checking account. However, before the last payment could be debited from his checking account, for unexplained reasons, defendant placed the account back into collections, in violation of the settlement

agreement.  Thereafter, plaintiff started receiving collections notices from additional collection agencies for amounts in excess of $15,000, because defendant engaged in deceptive, deceitful and abusive collections activity in putting the matter back into collections, notwithstanding the written settlement agreement with plaintiff.

9. Plaintiff wrote to the Attorney General of Texas and the Better Business Bureau, complaining of the underhanded and deceptive collections tactics of defendant, to no avail.  Defendant lied and averred that a second agreement was reached, which was completely untrue, but defendant could never produce any agreement evidencing the existence of anything other than the written agreement.  Defendant failed and refused, and continues to fail and refuse, to acknowledge its mistake, which has caused plaintiff untold difficulty with respect to his credit score.

10. By putting the account back into collections, notwithstanding plaintiff's documented proof that all amounts due under the agreement were automatically debited as per the agreement, with the exception of the final payment (because defendant had already put it back into collections unbeknownst to plaintiff), defendant engaged in deceptive and abusive collections activity under the FDCPA.

11. Defendant's rude, abusive, demeaning and harassing calls to plaintiff are a violation of the FDCPA.

## COUNT I
### FDCPA VIOLATION 15 U.S.C. § 1692 et seq.

12. The above paragraphs are hereby incorporated herein by reference.

13. Defendant violated the FDCPA in the following respects:

      a.      15 U.S.C. 1692e(10), in that Defendant used false representations or deceptive means to collect or attempt to collect the alleged debt as stated more clearly above.

      b.      15 U.S.C. 1692d, in that Defendant engaged in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

      c.      15 U.S.C. 1692(e), in that Defendant used false, deceptive, or misleading representations to induce plaintiff into settling the debt in good faith, only to renege on the agreement, send the matter back into collections and damage plaintiff's credit rating.

      d.      15 U.S.C. 1692e(2), in that Defendant made false or misleading representations in reporting a completely inaccurate amount to the credit bureaus and to other collection agencies.

      e.      15 U.S.C. 1692e(6), in that Defendant transferred or sold the debt back to the originator of the debt, just prior to debiting plaintiff's eleventh (11th) and final payment as per the written settlement agreement.

      f.      15 U.S.C. 1692e(2), in that Defendant communicated false credit information, including the failure to communicate that the debt had been settled and taken out of collections.

      g.      15 U.S.C. 1692e(2), in that Defendant failed to report that the debt was disputed by plaintiff after plaintiff realized defendant had sent the account back into collections for no reason whatsoever. Ten of the eleven payments had been made under

the written agreement, and defendant sent the account back just before the eleventh payment was due.

14.     As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for a declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, attorney's fees and costs and other appropriate relief, pursuant to 73 P.S. § 201-9.2.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Defendant and Order the following relief:

a.     Declaratory judgment that the Defendant's conduct violated the FDCPA;

b.     Actual damages;

c.     Statutory damages pursuant to 15 U.S.C. §1692k;

d.     Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k;

and

e.     Such addition and further relief as may be appropriate or that the interests of justice require.

## V.     JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN, VULLINGS & VASSALLO,  LLP**

Date:   6/24/08                    BY:     /s/Brent F. Vullings
                                   Brent F. Vullings
                                   Warren,Vullings & Vassallo LLP
                                   1603 Rhawn Street
                                   Philadelphia, PA  19111

215-745-9800   Fax 215-745-7880
Attorney for Plaintiff